B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Lily Araba Elliot | DEFENDANTS<br><br>United States Department of Education, [et al.] |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

A Complaint to Determine the Dischargeability of Student Loan Debt pursuant to 11 U.S.C. §523(a)(8) on the grounds that repayment would constitute an undue hardship.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☒ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $    $25,380.45 |
| Other Relief Sought | |

**FILED**

JUN 0 8 2026

Clerk, U.S. District and
Bankruptcy Courts

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Lily Araba Elliot | BANKRUPTCY CASE NO.<br>26-00252-ELG | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Columbia | DIVISION OFFICE | NAME OF JUDGE<br>Elizabeth L. Gunn |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| *Lily Araba Elliot* | |
| DATE<br><br>June 5, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Lily Araba Elliot |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

In re: Lily Araba Elliot
Chapter 7 Case No. 26-00252-ELG

LILY ARABA ELLIOT,
Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION, [et al.],
Defendant.

Case No.:
Adversary Proceeding No.:

**FILED**

**JUN 0 8 2026**

Clerk, U.S. District and
Bankruptcy Courts

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

**Introduction**

1.  Plaintiff, Lily Araba Elliot, filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, which is currently pending before this Court under Case No. 26-00252-ELG

2.  Plaintiff brings this Complaint to determine the dischargeability of certain student loan debt owed to the Defendant, the United States Department of Education, pursuant to 11 U.S.C. § 523(a)(8).

**Parties**

3.  Plaintiff, Lily Elliot, is an individual residing in Washington, D.C.

4.  Defendant, United States Department of Education, is a federal agency responsible for administering federal student loan programs.

**Jurisdiction and Venue**

5.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

6.  Venue is proper in this district because Plaintiff resides in Washington, D.C.

**Factual Allegations**

7.  Plaintiff is indebted to the Defendant for student loans in the approximate amount of $25,380.45, with accrued interest of $7,817.01, as of June 12, 2026.

8.  Plaintiff incurred these student loans to attend Northern Virginia Community College to pursue a degree in information technology.

9.  Plaintiff suffers from a severe and chronic mental illness, specifically Bipolar I Disorder with rapid cycling.

10. Plaintiff's condition causes significant functional impairments that directly impact her ability to maintain consistent, gainful employment. These impairments include, but are not limited to, severe depressive episodes that result in a loss of energy and motivation, and manic episodes that result in an inability to complete tasks.

11. As a result of her condition, Plaintiff's income is approximately $2,168.38 per month, which is $693.62 less than the IRS Local Standard for a minimal standard of living in Washington, D.C.

12. Plaintiff has made good faith efforts to repay the loans, but despite these efforts, the debt has grown to include $7,817.01 in accrued interest, which is more than 30% of her total debt.

13. Plaintiff's inability to repay the loans is exacerbated by a dramatic and documented increase in her mandatory healthcare costs. During the six-month period preceding her Chapter 7 filing, Plaintiff qualified for Medicaid and had no premium. In contrast, during the same period in the prior year, Plaintiff did not qualify for Medicaid and paid a subsidized monthly premium of $243.88. Due to changes in the healthcare marketplace, Plaintiff's unsubsidized premium is now $1,083.40. Therefore, even if Plaintiff were to earn an income comparable to the prior year, this single unavoidable expense would consume 50% of her income, making it mathematically impossible to maintain a minimal standard of living while repaying her student loans.

**Claim for Relief**

14. Accordingly, Plaintiff requests that the Court determine that the student loans owed to the Defendant are dischargeable in her Chapter 7 bankruptcy case, as repayment would constitute an undue hardship under the Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987), standard.

15. Repayment of the student loans owed to the Defendant would impose an undue hardship on Plaintiff. The combination of Plaintiff's chronic and severe medical condition, her resulting low and unstable income, and her inability to maintain a minimal standard of living while making payments on the debt makes repayment an impossibility.

16. Accordingly, Plaintiff requests that the Court determine that the student loans owed to the Defendant are dischargeable in her Chapter 7 bankruptcy case.

WHEREFORE, Plaintiff, Lily Araba Elliot, respectfully requests that this Court enter a judgment in her favor and against the Defendant, United States Department of Education, determining that the student loans held by the Defendant are dischargeable pursuant to 11 U.S.C. § 523(a)(8), and grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: June 8, 2026

Respectfully submitted,

*Lily Araba Elliot*

Lily Araba Elliot, Plaintiff Pro Se
1924 Jackson Street, NE, Washington, DC 20018
202-867-8084
awilliamsweb@icloud.com